## Union Pacific Railroad Company, Appellee, v. Denney and Company, Appellant.

### Gen. No. 29,542.

1.  EVIDENCE—*admissibility of freight tariffs approved and published by Interstate Commerce Commission.* The tariffs as approved and published by the Interstate Commerce Commission were proper evidence in an action by a carrier to recover for reicing cars of perishable commodities under paragraph A of section 15 of the Interstate Commerce Act, 4 Fed. St. Ann. (2nd Ed.), p. 459.

2.  CARRIERS—*jurisdiction of courts to construe freight tariffs published by Interstate Commerce Commission without precedent action by commission.* Where no question of fact is involved the court has jurisdiction to decide the meaning of a tariff provision published by the Interstate Commerce Commission without first submitting such matter to the commission.

3.  CARRIERS—*construction of freight tariffs published by the Interstate Commerce Commission relative to reicing.* The provisions of rule 200, par. D, and rule 225, pars. A and D, of the tariffs published by the Interstate Commerce Commission, effective February 28, 1920, considered in an action by a carrier to recover for icing cars of perishable commodities, and held that the provision that when cars are stopped or held at intermediate points, awaiting reconsignment instructions from the shipper, a charge will be made for the ice supplied during that time, did not preclude the making of a charge for ice furnished after the giving of reconsignment orders and before the cars could conveniently be moved forward, where the necessity for reicing was brought about by the shipper and there was no question of negligence on the part of the carrier.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JAMES W. GORDON, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed June 17, 1925. Rehearing denied July 1, 1925.

BLUM, BLUM & DELANEY, for appellant; J. V. DELANEY & LEO N. MCGLINN, of counsel.

JOHN A. SHEEAN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover for the icing of nine cars of perishable commodities which were transported by plaintiff for the defendant from Washington, Idaho and Utah to North Platte and Omaha, Nebraska and other eastern points. There was a finding and a judgment in plaintiff's favor for the amount of his claim, $57.21, and the defendant appeals.

The material facts in the case were stipulated and from them it appears that plaintiff transported for the defendant perishable commodities in refrigerator cars from points in Washington and other western States to North Platte, Nebraska, and other cities. For this service the defendant paid plaintiff in addition to the freight rates stated refrigeration charges as fixed by the Interstate Commerce Commission in the published tariffs. When a car reached North Platte or other points in that vicinity, it was, upon order of the defendant, held at that point for further instructions. Upon the arrival of a car at North Platte, plaintiff filled the bunkers with ice for which it received compensation as part of the stated refrigeration charges. Afterwards and while the car was being held awaiting instructions from the defendant, the car would be reiced and the charges paid for by the defendant and it is admitted that the railroad company was paid by the defendant for the icing for that period. Later when the defendant gave to plaintiff reconsigning orders, it was sometimes necessary for the plaintiff to reice the cars before they could be moved forward and it is to recover the charges for such icing that plaintiff sues.

The defendant contends that under the published tariffs plaintiff was not authorized to charge for any reicing of the cars after the defendant had given plaintiff the reconsigning orders. The tariffs, as approved and published by the Interstate Commerce Commission, were introduced in evidence. They were proper evidence under a provision of paragraph *A* of section 15 of the Interstate Commerce Act. 4 Fed. St. Ann. (2nd Ed.), p. 459. This tariff became effective February 28, 1920. The pertinent parts of such tariffs are paragraph *D* of rule 200 and paragraphs A and *D* of rule 225. Paragraph *D* of rule 200 provides that: "Stated refrigeration charges shown herein include the services of icing and reicing from point of origin to final destination, except as otherwise provided in rules Nos. 75, 215 and 225." Paragraph A of rule 225 is headed as follows: "At Intermediate Points"—"Reicing at Intermediate Stops or Hold Points, at Reconsigning Points and at Final Destination" and the rule is: "(A) When cars are stopped or held at any intermediate point between origin and final destination on orders of or awaiting reconsigning or other instructions from shipper, owner, or consignee, carrier will examine bunkers or tanks daily and when such cars require additional ice they will be re-iced to capacity and when ordered forward from such intermediate points bunkers or tanks will be re-iced to capacity before forwarding" (see paragraph D) Paragraph D is as follows: "When cars are stopped or held at any intermediate point or points between point of origin and final destination on orders of, or awaiting reconsigning instructions from, shipper, owner or consignee, a charge as published in Section No. 4 of this tariff will be made for all ice which will be supplied at such intermediate stop or reconsigning point and collected in addition to all other charges. Exception. When the point at which the car is stopped or held is an established icing station at which shipment would have been re-iced in any

event, no charge will be made for the ice necessary to fill the bunkers upon arrival of car at such icing station.''

It is admitted that all matters were stipulated, except as to the interpretation and meaning of the tariff provisions.

The defendant contends that the court erred in permitting witnesses to testify on the trial in explanation of the provisions of the tariff. Witnesses were called for this purpose by plaintiff, but an examination of the record discloses that the trial judge refused to allow testimony to this effect, stating that the meaning of the provisions of the tariff was a question of law for the court. It is obvious that the ruling of the trial judge was proper, but the defendant in its reply brief makes the point that the court had no jurisdiction to construe the tariffs, but that this matter must first be submitted to the Interstate Commerce Commission. If counsel for defendant's contention were sustained, no court would have jurisdiction to ever decide the meaning of any tariff provision as a matter of law. This, of course, is obviously unsound. And since no question of fact was involved, the court had jurisdiction. *Great Northern Ry. Co. v. Merchants Elevator Co.,* 259 U. S. 285. But the defendant further contends that in any event the interpretation placed upon paragraph D of the tariff is erroneous, because that paragraph provides that when cars are stopped or held out at intermediate points, awaiting reconsigning instructions from the shipper, a charge will be made for ice supplied during that time, but that this does not authorize the charging for ice supplied after the reconsigning order is given; that since the ice involved was furnished by the plaintiff after the defendant gave the reconsigning orders and before the cars moved forward, the tariff did not authorize plaintiff to make a charge for such ice. We think this construction of the language of paragraph D is too

narrow. That paragraph provides that: "A charge * * * will be made for all ice which will be supplied at such intermediate stop or reconsigning point and collected in addition to all other charges," with but one exception, viz., "When the point at which the car is stopped or held is an established icing station at which shipment would have been re-iced in any event, no charge will be made for the ice necessary to fill the bunkers upon arrival of the car at such icing station." The ice supplied at such intermediate stop or reconsigning point includes all ice supplied at that point whether before or after reconsignment instructions are given and up to the time the shipment moves forward in compliance with the reconsignment orders. The only exception to that involves the ice necessary to fill the bunkers on arrival of the shipment at the intermediate stop when that is a regular established icing station. The necessity for reicing was brought about by the direction of the defendant in ordering the cars held awaiting reconsigning orders.

It seems obvious that plaintiff could not always be in a position to immediately move the cars forward upon receiving the reconsigning orders. Some delay must inevitably take place, and in the instant case it being stipulated that there was no negligence on the part of the plaintiff we think defendant was required to pay for the icing in question by virtue of paragraph D of the tariff.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.